**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALIVIA BLOUNT,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>CONTRA COSTA COUNTY SUPERIOR COURT - OFFICE OF FAMILY COURT SERVICES; CONTRA COSTA COUNTY SUPERIOR COURT; GINA DASHMAN, Judge; COUNTY OF CONTRA COSTA,<br><br>       Defendants - Appellees. | No. 25-2401<br><br>D.C. No. 4:25-cv-02211-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 29, 2026**

Before: McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Alivia Blount appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging constitutional violations during state family

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Blount's action as barred by the *Rooker-Feldman* doctrine because the claims are a "de facto appeal" of a state court decision or are "inextricably intertwined" with that decision. *Noel*, 341 F.3d at 1163-66 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Blount's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that dismissal without leave to amend is proper where amendment would be futile).

**AFFIRMED.**